UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SAMANTHA MILBY                                                                                PLAINTIFF


v.                                                              CIVIL ACTION NO. 3:15-cv-00814-CRS


MCMC LLC                                                                                      DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Plaintiff Samantha Milby brought this action in Jefferson Circuit Court in Louisville, Kentucky, against Defendant MCMC LLC ("MCMC"). MCMC removed the action to this Court. Milby now moves for remand and seeks attorney fees and costs. For the reasons below, the Court will deny Milby's motion.

Removal to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This Court has original jurisdiction over cases "arising under the … laws … of the United States." 28 U.S.C. § 1331. In determining whether a particular case arises under federal law, the Court determines whether a federal question necessarily appears in the plaintiff's complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state law claim can be removed. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, (2003). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* In particular,

1

ERISA "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Davila*, 542 U.S. 200, 209 (2004) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

Removability is not apparent on the face of Milby's complaint. Indeed, Milby's complaint reads as an attempt to evade federal jurisdiction. *See, e.g.*, Compl. ¶ 2, ECF No. 1-1 ("Plaintiff's claims arise solely under the laws of the Commonwealth of Kentucky. Plaintiff <u>does not</u> assert any claim arising under federal law."). Just as the proclamation that windmills are giants does not alter the structure's actual nature, Milbly's persistent recital that these claims are grounded solely in state law cannot vanquish the evident federal jurisdiction.

In her complaint, Milby asserted state law claims against MCMC alleging it issued a medical opinion concerning Milby without a license to practice medicine in the Commonwealth as required under KRS § 311.560. MCMC rendered the medical opinion in reviewing Milby's claim for Employee Retirement Income Security Act ("ERISA") benefits. Milby claims that the medical opinion led to the denial of her claim. Milby does not dispute that the medical review occurred for ERISA plan benefit determination purposes.

Congress enacted ERISA to "protect … the interests of participants in employee benefit plans and their beneficiaries … by establishing standards of conduct, responsibility, and obligation for fiduciaries" and to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). To achieve this uniformity, ERISA includes expansive preemption provisions, *see* 29 U.S.C. § 1144, intended to safeguard employee benefit plans as "exclusively a federal

concern." *Davila*, 542 U.S. at 208 (internal quotation and citation omitted); *see also Sherfel v. Newson*, 768 F.3d 561, 564 (6th Cir. 2014) ("ERISA is a statute unique in its preemptive effect.").

ERISA "supersede[s] any and all State laws insofar as they may … relate to any [covered] employee benefit plan." 29 U.S.C. §1144(a). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209. "As long as ERISA exclusively regulates the activity (deciding whether to award benefits), ERISA prevents the distinct state law tort scheme from superimposing an extra layer of regulation on top of the ERISA-regulated plan benefit determination." *Hutchison v. Fifth Third Bancorp.*, 469 F.3d 583, 588 (6th Cir. 2006).

A claim is within the scope of Section 1132(a)(1)(B) – ERISA's civil enforcement remedy – for preemption purposes if: "(1) the plaintiff complains about the denial of benefits to which he is entitled 'only because of the terms of an ERISA-regulated employee benefit plan'; and (2) the plaintiff does not allege the violation of any 'legal duty (state or federal) independent of ERISA or the plan terms[.]'" *Gardner v. Heartland Indus. Partners*, 715 F.3d 609, 613 (6th Cir. 2013) (quoting *Davila*, 542 U.S. at 210).

This Court and other courts within this circuit have ruled on cases with similar facts. *See, e.g.*, *Hogan v. Jacobson,* No. 3:12CV-820 (W.D. Ky. Sept. 26, 2013) (finding ERISA completely preempted plaintiff's state law claim under KRS § 311.560 because the defendant nurses were only involved in denying Hogan's benefits "to the extent that they were each asked to review [the plaintiff's] file when she appealed the initial denial of benefits"). Similarly, the Court finds

here that Milby's challenge to MCMC practitioners' medical qualifications are subsumed within Milby's ERISA claim for wrongful denial of benefits.

Milby argues that when MCMC issued a medical opinion neither it nor its agent was licensed in the Commonwealth to practice medicine. Milby's ERISA plan insurer relied on this plan in denying her benefits. In seeking damages related to a medical professional's medical review for ERISA plan benefit determination, a plaintiff must seek damages under ERISA. *See Hogan,* No. 3:12CV-820. Otherwise, a state enforcement mechanism supplants Congress' uniform enforcement system. Indeed, Milby already has a pending suit against the insurer for wrongful denial of benefits. *See Milby v. Liberty Life Assurance Co. of Boston*, Case No. 3:12-cv-487-CRS, (W.D. Ky. Apr. 30, 2015). Milby's suit against MCMC arises only because of her ERISA benefit claim review. Milby does not allege a violation of any legal duty beyond the scope of the ERISA plan and the review of her benefit claim.

As the Court will deny Milby's motion to remand, awarding Milby attorney fees and costs is unwarranted.

The Court **DENIES** Plaintiff Samantha Milby's motion to remand (DN 6).

**IT IS SO ORDERED.**

February 9, 2016

Charles R. Simpson III, Senior Judge
United States District Court

4