UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SAMANTHA MILBY                                                                                   PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:15-cv-00814-CRS

MCMC LLC                                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Samantha Milby brought this action in Jefferson Circuit Court in Louisville, Kentucky, against Defendant MCMC LLC ("MCMC"). MCMC removed the action to this Court. MCMC now moves to dismiss Milby's claims under Fed. R. Civ. P. 12(b)(6). For the reasons below, the Court will grant MCMC's motion.

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In this Court's February 10, 2016 memorandum opinion and order the Court ruled that the Employment Retirement Income Security Act ("ERISA") completely preempts Milby's state law claims. ECF No. 13. Milby has only pleaded claims under Kentucky law and has not

1

amended her complaint. When ERISA completely preempts a state law claim and the party does not amend the complaint, the Court construes the claim as an ERISA claim. *Loffredo v. Daimler AG*, 500 F. App'x 491, 495 (6th Cir. 2012).

Milby correctly points out that she cannot assert an ERISA claim against MCMC. *See* Pl.'s Resp. 1, ECF No. 14. The Court's February 10, 2016 memorandum opinion and order said that "Milby's challenge to MCMC practitioners' medical qualifications are subsumed within Milby's ERISA claim for wrongful denial of benefits." 4. "[T]he proper defendant in an ERISA action concerning benefits is the plan administrator." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 522 (6th Cir. 2010). MCMC is not the plan administrator. As MCMC is not the proper Defendant in an ERISA action concerning benefits, Milby's complaint fails to state a claim to relief.

Notably, Milby already has a pending suit against the insurer for wrongful denial of benefits. *See Milby v. Liberty Life Assurance Co. of Boston*, Case No. 3:13-cv-00487-CRS, (W.D. Ky. Apr. 30, 2015). This is the appropriate avenue for Milby's sought relief.

The Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Court **GRANTS** Defendant MCMC LLC's motion to dismiss (DN 5).

**IT IS FURTHER ORDERED** that the Court **DISMISSES** Plaintiff Samantha Milby's complaint against Defendant MCMC LLC **WITH PREJUDICE** in its entirety.

**IT IS SO ORDERED.**

March 17, 2016

Charles R. Simpson III, Senior Judge
United States District Court